(Reap. Dec. 9550)

RAILWAY EXPRESS AGENCY, A/C GOODYEAR TIRE & RUBBER CO. *v.* UNITED STATES

Entry Nos. 38078; 38079.

(Decided December 7, 1959)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

JOHNSON, Judge: The merchandise in this case consists of ice detectors for aircraft imported from Canada in May 1958, entered at United States $248.90 each, and appraised at Canadian $400 each.

When this case was called for trial, counsel for the respective parties stipulated as follows:

MISS SHOSTAK: * * *

*        *        *        *        *        *        *

Plaintiff offers to stipulate that the price at which the ice detectors the subject of this suit were offered for sale to all purchasers who cared to purchase for exportation to the United States, in the principal markets in the country of exportation, which was Canada, on the date of exportation involved herein, was the invoice price of $248.90 each; that through inadvertence the two entries involved in this case were appraised prior to the receipt of information regarding market conditions, which had been requested by the Appraiser, and that if the invoices were now before the Appraiser for his return, he would appraise them on the same basis as numerous other entries made at or about the same time, at the invoice unit value of United States, $248.90 each, based on information regarding market conditions subsequently received by the Appraiser.

That the merchandise covered by this case is not on the final list of articles published by the Secretary of the Treasury in T.D. 54521, on which valuation under the Tariff Act is made on the basis of Section 402 of the Tariff Act of 1930, as originally enacted; that the merchandise covered by these entries not being on the list, is subject to appraisement under Section 402, as modified by the Customs Simplification Act of 1956, which became effective February 28, 1958, prior to the date of these entries; and that the export value referred to above is the export value under Section 402(b), as modified by the Customs Simplification Act of 1956.

MRS. ZIFF: Upon the advice of the Appraiser concerned, we so stipulate.

On the record presented, I find that the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as added by section 2 of the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise involved herein, and that such value is United States $248.90 each.

Judgment will be rendered accordingly.